NUMBER 13-09-00401-CR


 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

JOSE NOE BAHENA, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 252nd District Court 

of Jefferson County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Benavides


Memorandum Opinion by Justice Garza
 Appellant, Jose Noe Bahena, was charged by indictment with unauthorized use of
a motor vehicle, a state-jail felony. See Tex. Penal Code Ann. § 31.07 (Vernon 2003). 
Pursuant to a plea agreement with the State, Bahena pleaded guilty to the underlying
offense. The trial court accepted Bahena's plea agreement with the State, deferred
adjudication of the underlying offense, placed Bahena on community supervision for two
years, and assessed a $500 fine. In addition, the trial court amended the terms of
Bahena's community supervision to require Bahena to: (1) complete his G.E.D. within six
months of the community supervision order; (2) participate in forty hours of community
service a week; and (3) serve "180 days upfront in SJ [state jail]." (1) 

 Thereafter, the State filed a motion to revoke alleging that Bahena had violated
several conditions of his community supervision. The trial court conducted a hearing on
the State's motion to revoke on May 26, 2009, at which Bahena pleaded "true" to three of
the four allegations contained in the State's motion to revoke. The trial court concluded
that the evidence supported the State's allegations and subsequently revoked Bahena's
community supervision and sentenced him to two years' incarceration in the state jail. This
appeal ensued. (2) We affirm.

I. Anders Brief

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), Bahena's
court-appointed appellate counsel has filed a brief with this Court, stating that his review
of the record yielded no grounds or error upon which an appeal can be predicated. 
Counsel's brief meets the requirements of Anders as it presents a professional evaluation
demonstrating why there are no arguable grounds to advance on appeal. See In re
Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an Anders brief
need not specifically advance 'arguable' points of error if counsel finds none, but it must
provide record references to the facts and procedural history and set out pertinent legal
authorities.") (citing Hawkins v. State, 112 S.W.3d 340, 343-44 (Tex. App.-Corpus Christi
2003, no pet.)); Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). 

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), Bahena's appellate counsel has carefully discussed why, under controlling authority,
there are no errors in the trial court's judgment. Counsel has informed this Court that he
has: (1) examined the record and found no arguable grounds to advance on appeal, (2)
served a copy of the brief and counsel's motion to withdraw on Bahena, and (3) informed
Bahena of his right to review the record and to file a pro se response. (3) See Anders, 386
U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d at 409
n.23. Bahena filed a pro se response on October 22, 2009.

II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record, counsel's briefs, and Bahena's pro se
response and have found nothing that would arguably support an appeal. See Bledsoe
v. State, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders
briefs, by indicating in the opinion that it considered the issues raised in the briefs and
reviewed the record for reversible error but found none, the court of appeals met the
requirement of Texas Rule of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. 

III. Motion to Withdraw

 In accordance with Anders, Bahena's attorney has asked this Court for permission
to withdraw as counsel. See Anders, 386 U.S. at 744; see also In re Schulman, 252
S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex. App.-Dallas
1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must
withdraw from representing the appellant. To withdraw from representation, the appointed
attorney must file a motion to withdraw accompanied by a brief showing the appellate court
that the appeal is frivolous") (citations omitted)). We grant counsel's motion to withdraw. 
Within five days of the date of this Court's opinion, counsel is ordered to send a copy of
the opinion and judgment to Bahena and to advise Bahena of his right to file a petition for
discretionary review. (4) See Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d at
412 n.35; Ex parte Owens, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006). 




 ________________________

 DORI CONTRERAS GARZA

 Justice 


Do Not Publish. 

Tex. R. App. P. 47.2(b)

Delivered and filed the 

11th day of February, 2010.
1. Bahena signed the document reflecting the amendments to his community supervision, thereby
indicating that he agreed to the changes.
2. This case was transferred to the Thirteenth Court of Appeals pursuant to a docket equalization order
issued by the Supreme Court of Texas. See Tex. Gov't Code Ann. § 73.001 (Vernon 2005).
3. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
4. No substitute counsel will be appointed. Should Bahena wish to seek further review of this case by
the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review
or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty
days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. 
See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will
be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.